UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF LOUISIANA

FILED DEC 18 2009
J. BARRY DUNFORD, CLERK
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT of LOUISIANA

IN RE:    MADLEN R. RAINES

CASE NO:  09-50388

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>MOTION FOR LEAVE OF COURT TO FILE
SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO
DEBTOR'S OBJECTION TO CLAIM NUMBER SIX</u>

NOW INTO COURT, through undersigned counsel, comes CHARLES GOSS, who moves this Honorable Court for leave to file the attached Supplemental Memorandum in Opposition to Debtor's Objection to Claim Number Six.

Prior to this matter being continued to the present date of January 13, 2010, counsel for MADLEN R. RAINES called counsel for CHARLES GOSS to discuss the proposed continuance. It was agreed between counsel that CHARLES GOSS would not oppose the requested continuance if MADLEN R. RAINES would not oppose a Supplemental Memorandum in Opposition to Debtor's Objection to Claim Number Six.

CHARLES GOSS respectfully requests the Court's permission to file the Supplemental Memorandum in Opposition to Debtor's Objection to Claim Number Six, for the following reasons.

  A)   It is unopposed;

  B)   The Supplemental Memorandum in Opposition to Debtor's Objection to Claim Number Six is in response to MADLEN R. RAINES' Pre-Trial Memorandum and CHARLES GOSS has not filed a Pre-Trial Memorandum, therefore, it will not prejudice MADLEN R. RAINES;

  C)   The Supplemental Memorandum apprises this Honorable Court of issues that must be considered in the matter before the Court.

WHEREFORE, CHARLES GOSS prays that he be given leave to file the attached Supplemental Memorandum in Opposition to Debtor's Objection to Claim Number Six.

Respectfully submitted,

BRANDT & SHERMAN, L.L.P.

_____
KYLE SHERMAN, #24215
Attorney for Charles Goss
111 Mercury Street
Lafayette, LA 70503
(337) 237-7171

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this _18_ day of _December_, 2009, served a copy of the foregoing Motion on Keith Rodriguez, Trustee, U.S. Trustee, William Vidrine, Attorney for Madlen Raines and John Raines 2301 West St. Mary Blvd., Lafayette, Louisiana 70506, by depositing same into the United States mail properly addressed, and first class postage prepaid, and/or by electronic means.

_____
KYLE SHERMAN, #24215

# UNITED STATES BANKRUPTCY COURT

# WESTERN DISTRICT OF LOUISIANA

IN RE:     MADLEN R. RAINES

CASE NO:   09-50388

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEBTOR'S OBJECTION TO CLAIM NUMBER SIX

NOW INTO COURT, through undersigned counsel, comes CHARLES GOSS, who respectfully submits the following Supplemental Memorandum in Opposition to Debtor's Objection to Claim Number Six, to accompany the original Memorandum in Opposition to Debtor's Objection to Claim Number Six, filed in these proceedings on or about August 24, 2009.

As stated above, CHARLES GOSS previously submitted a Memorandum in Opposition to Debtor's Objection to Claim Number Six. Contained in that Memorandum was a copy of the Judgment rendered by the Honorable Judge Durwood Conque of the Fifteenth Judicial District, on or about January 6, 2009, wherein it was ordered, adjudged, and decreed that CHARLES GOSS be entitled to enforce the Judgment he holds against John Raines, against the earnings and other community assets in the possession of MADLEN R. RAINES (See Exhibit "B" of Memorandum in Opposition to Debtor's Objection to Claim Number Six).

Pursuant to LSA-R.S. 13:4231:

> Except as otherwise provided by law, a valid and final Judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the Judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the Judgment.

(2) If the Judgment is in favor of the defendant, all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the Judgment bars the subsequent action on those causes of action.

(3) A Judgment in favor of either the plaintiff or the defendant is conclusive, and any subsequent action between them, with respect to any issue actually litigated and determined, if its determination was essential to that Judgment.

It is CHARLES GOSS' position, pursuant to LSA-R.S. 13:4231 that since a Judgment was already rendered entitling CHARLES GOSS to enforce the Judgment he holds against John Raines against the earnings and other community assets in the possession of MADLEN R. RAINES, then the judgment is conclusive and MADLEN R. RAINES is barred from objecting to CHARLES GOSS being entitled to enforce the Judgment he holds against the community assets of John Raines and MADLEN R. RAINES.

In MADLEN R. RAINES' Pre-Trial Memorandum, filed November 12, 2009, MADLEN R. RAINES asserts that it was not until the garnishment proceedings began that MADLEN R. RAINES first learned of the debt her husband had incurred. However, MADLEN R. RAINES did in fact know of the Judgment rendered by the Honorable Durwood Conque in the Fifteenth

Judicial District, on or about January 6, 2009, wherein it was ordered, adjudged, and decreed, that CHARLES GOSS be entitled to enforce the Judgment he holds against John Raines, against the earnings and other community assets in the possession of MADLEN R. RAINES. Shortly after the hearing before the Honorable Judge Conque, counsel for CHARLES GOSS received a telephone call from MADLEN R. RAINES' sister, who is an attorney that practices in the City of Lafayette, and was actually in Court on the date of this hearing. Therefore, MADLEN R. RAINES had notice of the judgment and had ample time to file an appeal to Judge Conque's ruling, and chose not to. Therefore, it is CHARLES GOSS' position that this issue has been settled by judgment, pursuant to the theory of *res judicata*.

MADLEN R. RAINES also asserts in her Pre-Trial Memorandum that this Court should apply the "adverse presumption" rule, citing *Francis v. Francis*, 981 So. 2d 920 (La. App. 3rd Cir. 2008). However, MADLEN R. RAINES also acknowledges in her Pre-Trial Memorandum that a presumption exists under Louisiana law that all obligations incurred by a spouse during the existence of the community property regime are community debts. This presumption, however, is rebuttable. She further acknowledges a spouse who seeks to avoid paying the debt, must show that the debt incurred was not for the community's benefit and that showing must be clear and convincing. *Seminole v. Brown*, 403 F. Supp. 2d 526 (Middle D. LA 2005) and cases cited therein.

In *Francis (supra)*, the Third Circuit found that the trial court could not rely on the adverse presumption rule to support issuance of a preliminary injunction against former wife, who did not testify at the hearing; the adverse presumption rule only applied where the party

against whom it was invoked had the burden of proof and control over the witness, and former husband bore the burden of proving that former wife was a threat to him or his property.

Therefore, due to the fact that it is MADLEN R. RAINES' burden to prove by clear and convincing evidence that the debt to CHARLES GOSS is not a community debt, and CHARLES GOSS does not have control over John Raines as a witness, the "adverse presumption" rule should not be applied by this Honorable Court.

As discussed in Plaintiff's original Memorandum in Opposition to Debtor's Objection to Claim Number Six, the fact that MADLEN R. RAINES asserts that the loan from CHARLES GOSS was obtained without her knowledge or consent does not affect its validity as a community obligation since MADLEN R. RAINES' consent was not required by the law. La.C.C. Art. 2346.

Further, burden of proof by "clear and convincing" evidence is an intermediate one, which requires that the fact be proven to a degree greater than that involved in proof by a "preponderance" of the evidence, but to a degree less than that involved in proof "beyond a reasonable doubt". In other words, the existence of the disputed fact must be highly probable, that is, much more probable than its non-existence. Succession of Bartie, 472 So.2d 578 (La. 1985). See also Black's Law Dictionary 956 (8th Ed. 2004), which defines "clear and convincing evidence" as "evidence indicating that the thing to be proved is highly probable or reasonably certain."

It is the position of CHARLES GOSS that the burden is on MADLEN R. RAINES to prove by clear and convincing evidence that the funds obtained by Mr. Raines from CHARLES GOSS were not used for the community. It is not CHARLES GOSS' burden to prove the funds

were utilized only for Mr. Raines' separate interests. When CHARLES GOSS loaned the money to Mr. Raines, he was able to rely on the fact that not only was Mr. Raines gainfully employed, MADLEN R. RAINES was also employed. To allow a spouse to escape an obligation by simply stating that she did not know what the funds were used for and not being required to prove how the funds are used, creates an unreasonable risk for the obligee. After all, MADLEN R. RAINES was married to John Raines "for better or worse", not CHARLES GOSS.

In further support of CHARLES GOSS' position that he be entitled to enforce his Judgment against the community assets of MADLEN R. RAINES and John Raines, CHARLES GOSS brings the Court's attention to *Fulmer v. Harper*, 265 So.2d 355 (4th Cir. 1972), wherein the Court of Appeal held that where husband and wife executed promissory note and judgment was obtained thereon against both, and where wife was thereafter discharged in bankruptcy in proceeding in which the Judgment Creditor Rule was listed, the debt remained a debt for which the community estate was responsible and could serve as the basis for seizure or garnishment of property belonging to the community, including the wife's wages.

In deciding *Fulmer*, the Court noted that under Louisiana law property acquired during a marriage is classified into one of three states, either the separate estate of the husband, the separate estate of the wife, or the community estate. The Court in deciding *Fulmer*, stated that the wages of a wife who is living with husband fall into the community estate. LSA-C.C. Article 2402. Also, when the husband incurs debt, both the community and the separate estate of the husband are obligated for the payment of the debt. In the case at hand, Mr. Raines clearly incurred the debt and therefore, the community as well as Mr. Raines' separate estate are

obligated for the payment of the debt to CHARLES GOSS.

Therefore, it is CHARLES GOSS' position that the debt of John Raines was a community debt. However, it is also CHARLES GOSS' position that pursuant to the Order by the Fifteenth Judicial District Court, MADLEN R. RAINES is barred from objecting to the classification of John Raines' debt as a separate property debt pursuant to the doctrine of *Res Judicata* and LSA-R.S. 13:4231 *(supra)*.

Respectfully submitted,

BRANDT & SHERMAN, L.L.P.

_____
KYLE SHERMAN, #24215
Attorney for Charles Goss
111 Mercury Street
Lafayette, LA 70503
(337) 237-7171

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this _18_ day of _December_, 2009, served a copy of the foregoing Supplemental Memorandum on Keith Rodriguez, Trustee, U.S. Trustee, William Vidrine, Attorney for Madlen Raines and John Raines 2301 West St. Mary Blvd., Lafayette, Louisiana 70506, by depositing same into the United States mail properly addressed, and first class postage prepaid, and/or by electronic means.

_____
KYLE SHERMAN, #24215