UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF LOUISIANA

IN RE:     MADLEN R. RAINES

CASE NO:    09-50388

FILED FEB - 3 2010
J. BARRY DUNFORD, CLERK
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT of LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## POST-TRIAL MEMORANDUM

NOW INTO COURT, through undersigned counsel, comes CHARLES GOSS, who respectfully submits the following Post-Trial Memorandum in Opposition to Debtor's Objection to Claim Number Six.

This matter came before this Honorable Court on January 13, 2010. CHARLES GOSS opposed Debtor's objection based on the fact that the indebtedness claimed by CHARLES GOSS is the indebtedness of the community of acquets and gains between John Raines and MADLEN R. RAINES and, therefore, CHARLES GOSS' claim in these bankruptcy proceedings should be honored.

At the beginning of the hearing, there were stipulations agreed to by both parties, which amounted to an acknowledgment by MADLEN R. RAINES that at least a portion of the indebtedness claimed by CHARLES GOSS benefitted the community. Further, it was acknowledged by MADLEN R. RAINES that there is a presumption that the debt incurred during the marriage of John Raines and MADLEN R. RAINES is a community obligation, the burden of overcoming the community presumption falls upon MADLEN R. RAINES and the burden is by clear and convincing evidence.

Of particular importance, is the fact that besides the $15,789.88 that was stipulated to benefitting the community, Ms. RAINES testified on more than one occasion, that she had no

1

idea where the remaining funds from Mr. GOSS' loan went. This is the most important statement of the hearing due to the fact that this testimony is an acknowledgment by MADLEN R. RAINES that she cannot prove with clear and convincing evidence that the money borrowed from Mr. GOSS benefitted the separate property of John Raines only. Further, MADLEN R. RAINES introduced deposition testimony into the record, wherein John Raines testified under oath that the debt was incurred for obligations and benefits of the community.

Further, the only testimony that indicated that the obligation was for the benefit of John Raines' separate property, was John Raines' half-hearted attempt to convince the Court that he squandered the money on personal expenditures that did not benefit the community. This is in direct contradiction of the sworn testimony that was introduced into the record. John Raines' trial testimony is also watered-down by the fact Mr. Raines admitted he felt guilty about what he was putting his wife through, and further testified that an example of the expenditures benefitting his separate property was for his automobile, which clearly benefits the community.

Finally, the majority of MADLEN R. RAINES case was an attempt to attack John Raines' credibility and, therefore, MADLEN R. RAINES has clearly not met the clear and convincing burden of proof she must overcome in order to prevail. If MADLEN R. RAINES is attacking John Raines credibility, it is absurd to assert his testimony as proof the debt benefitted only his separate property.

Also, introduced into evidence, was the Order from the Fifteenth Judicial District Court, rendered on January 6, 2009, wherein it was ordered, adjudged, and decreed that CHARLES GOSS be entitled to enforce the Judgment he holds against John Raines, against the earnings and other community assets in the possession of MADLEN R. RAINES. It is CHARLES GOSS'

position that this Honorable Court should recognize this prior Judgment pursuant to LSA - R.S. 13:4231, and the doctrine of *Res Judicata*.

For the aforementioned reasons, CHARLES GOSS respectfully suggests to this Honorable Court that MADLEN R. RAINES be barred from objecting to the classification of John Raines debt as a separate property debt, and CHARLES GOSS should prevail in this matter.

Respectfully submitted:

_____
KYLE SHERMAN, #24215
Attorney for CHARLES GOSS
111 Mercury Street
Lafayette, Louisiana 70503
Telephone: (337) 237-7171
Facsimile: (337) 261-9777

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this __1__ day of __February__, 2010, served a copy of the foregoing on Keith Rodriguez, Trustee, U.S. Trustee, William Vidrine, Attorney for Madlen Raines (via e-mail) and John Raines 2301 West St. Mary Blvd., Lafayette, Louisiana 70506, by depositing same into the United States mail properly addressed, and first class postage prepaid, and/or by electronic means.

_____
KYLE SHERMAN

3