**SO ORDERED.**

**SIGNED May 25, 2010.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

_____

```
                    UNITED STATES BANKRUPTCY COURT
                     WESTERN DISTRICT OF LOUISIANA


IN RE:

MADLEN RAINES                              CASE NO. 09-50388

    Debtor                                 Chapter 13

-----------------------------------------------------------------
                         MEMORANDUM RULING
-----------------------------------------------------------------
```

Madlen Rebekke Raines ("Debtor") filed a voluntary petition for relief on March 31, 2009. Charles Goss has filed an unsecured claim against the Debtor in the amount of $75,000. Debtor objected to Mr. Goss' claim and a hearing on the matter was held on January 13, 2010. After hearing evidence and receiving post hearing briefs, the matter was taken under advisement.

Debtor was previously married to John Raines. During the course of the marriage, Mr. Raines borrowed $60,000.00 from Mr. Goss. Mr. Raines failed to repay the funds and following the

filing of a lawsuit, the parties entered into a Consent Judgment on October 10, 2007 wherein Mr. Raines agreed to pay Mr. Goss the sum of $75,000.00. On January 6, 2009, Mr. Goss obtained a judgment in the state court allowing him to satisfy the debt from "the earnings and other community assets in possession of Rebekkeh Raines." The Debtor and Mr. Raines were divorced and their community property regime terminated on January 22, 2009.

The issue herein is whether the Debtor is liable for the debt owed to Mr. Goss. The parties stipulated that at least $15,789 of the funds borrowed benefitted the community. The Debtor indicates that she was unaware of the loan being taken and that she has no idea how the vast majority of the funds were spent. Mr. Raines testified that while some of the funds were used for family expenses, he "squandered" most of the funds on "frivolous" expenditures.

Under Louisiana law, an "obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation."[1] Further, "all obligations incurred by a spouse during the existence of a community property regime are presumed to be community obligations."[2] The court has reviewed the

---

[1] Louisiana Civil Code Article 2360.

[2] Louisiana Civil Code Article 2361.

testimony and finds that the Debtor has not met her burden of rebutting the presumption of a community obligation.

Under Louisiana law,

> An obligation incurred by a spouse before or during the community property regime may be satisfied after termination of the regime from the property of the former community and from the separate property of the spouse who incurred the obligation.

Accordingly, as to the claim against the Debtor personally, Mr. Goss may only be satisfied from property of the former community. The Debtor argues that the entirety of her plan payments are her separate property. While the court agrees with this observation and agrees that Mr. Goss would not be able to seize her future earnings, the Debtor is liable for payment of the claim to the extent that she is retaining former community property assets. The court therefore finds that the claim of Mr. Goss in this bankruptcy is limited to the value of any community property assets which the Debtor is retaining. The court has insufficient evidence in the record to make a determination as to this issue. Accordingly, the court will reset this matter for hearing on this limited issue.

**IT IS ORDERED** that the Objection to Claim is refixed for hearing on **June 30, 2010**, at 1:30 p.m. Within 15 days, Debtor shall file into the record, a statement indicating the items of former community property which she is retaining.

###